### 12150.   CAUSEY *v.* THE STATE.

1. There is no merit in the ground of the motion for a new trial which complains that after the defendant had finished his statement, and while he still was upon the stand, the court inquired of him, " Is that all? " and he answered, " Yes." It is not alleged in this ground that the court knew the defendant had finished his statement, or that the inquiry was made in a sarcastic manner or tone of voice.

2. The following excerpts from the charge of the court are complained of: (1) " A reasonable doubt is a doubt that is reasonable, arising in the minds of a jury, or left on the minds of a jury upon the consideration of the evidence. If the evidence, by reason of its insufficiency or conflicts in the evidence, or the evidence itself in its nature, leaves the minds of the jury in a condition of uncertainty to the extent that a reasonable doubt remains in the minds of the jury as to the guilt of the defendant, it is the duty of the jury to give the defendant the benefit

of the doubt and acquit him." (2) "When you consider all the evidence in the case, weighing it carefully, then as jurors say whether or not this evidence shows that the defendant is guilty of the offense charged." These excerpts from the charge are not subject to the criticism that they restricted the jury to the sworn testimony and eliminated from their consideration the defendant's statement. *Garrett* v. *State*, 21 *Ga. App.* 801(5) (95 S. E. 301).

3. It was not reversible error for the court to charge as follows: "The defendant has made a statement. This statement is not made under oath, and what faith and credit the jury will give the statement is a matter entirely with the jury, but the jury may believe the statement in preference to the sworn evidence in the case where the statement conflicts with the evidence in the case."

4. The verdict was amply authorized by the evidence, and the court did not err in refusing to grant a new trial.

DECIDED APRIL 13, 1921.

Indictment for making intoxicating liquor; from Crawford superior court — Judge Mathews. January 25, 1921.

The judge's question to the defendant, quoted in the first headnote, was alleged to have been prejudicial because it "tended to create in the minds of the jury the impression that the court did not think the defendant's statement was a sufficient defense."

*R. Douglas Feagin, Wallace Miller,* for plaintiff in error.

*Robert E. Brown,* solicitor-general pro tem., contra

BROYLES, C. J. Only the 3d headnote needs elaboration. It is contended by counsel for the plaintiff in error that, under the ruling in *Lovejoy* v. *State*, 82 *Ga.* 87(2) (8 S. E. 66), the charge set forth in the 3d headnote was reversible error. We cannot agree with this contention. In the *Lovejoy* case the judge, after charging upon the defendant's statement in the language of the code, added the following: "I further charge you that what the law means by believing the defendant's statement in preference to the sworn testimony is, where the sworn testimony and the statement conflict. If you give this statement force and consider it, then, in considering it, it would be your duty to give it just such force as you see fit. *His statement, to avail him, must be in those parts that are in conflict with the evidence, and in conflict in material matters*" [italics ours]; and the only part of the charge that was held to be erroneous was that italicized. The charge in the instant case is more nearly like the one excepted to in *Harrison* v. *State*, 83 *Ga.* 129 (9 S. E. 542), where the court, in charging upon the prisoner's statement, said: "What the law means by believing it in pref-

erence to the sworn testimony is, when the sworn testimony and the statement conflict in material matters; and material matters are those necessary to constitute the offense." Chief Justice Bleckley, who wrote the opinion in the *Harrison* case, while criticising the trial judge for going outside of the statute in his charge upon the defendant's statement, held, that the charge was not reversible error, saying: " This charge is attacked as instructing the jury that the prisoner's statement could not avail him unless in conflict with the sworn testimony,. and as denying him the benefit of his statement if sustained or corroborated by the witnesses. No fair construction of the charge could exact from it this meaning. The statute says that the jury may believe the statement in preference to the sworn testimony; and the court explained the import of the statute, and did not undertake to limit the jury, in their consideration of the statement, to those matters touching which it might be in conflict with the evidence. There was nothing said as to the statement not being available upon other matters. The charge given in *Lovejoy* v. *State,* supra, was obnoxious to that objection, part of the instruction there being, ' His statement, to avail him, must be in those parts that are in conflict with the evidence, and in conflict in material matters.' No such phraseology as this occurs anywhere in the charge now under consideration." We think the above-quoted language of Judge Bleckley is applicable to the charge in the instant case, and that the charge does not require a new trial.

*Judgment affirmed.    Luke and Bloodworth, JJ., concur.*